**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

*IN RE* Subpoena Duces Tecum to UNIVERSITY OF SOUTH CAROLINA, Issued in Connection with

LANGSTON PATTERSON *et al.*,

Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,

Defendant,

No. 3:25-cv-00994 (M.D. Tenn.).

No.: 3:26-mc-967-MGL

**MOTION TO QUASH SUBPOENA DUCES TECUM**

The University of South Carolina ("**USC**"), a nonparty to a civil action pending in the United States District Court for the Middle District of Tennessee captioned *Langston Patterson et al. v. National Collegiate Athletic Association*, No. 3:25-cv-00994 ("***Patterson***"),[1] hereby moves this Court under Rule 45(d) of the Federal Rules of Civil Procedure to quash a subpoena duces tecum issued by the *Patterson* plaintiffs in connection with that action and to award USC its attorney's fees incurred in this matter.[2] With reference to the documents attached hereto as exhibits, and as set forth fully in the memorandum in support of this motion filed herewith, USC requests this relief on the following grounds:

[1] Pre-trial proceedings in the *Patterson* case have been consolidated with those in *Derrin Boyd v. National Collegiate Athletic Association*, No. 3:25-cv-00729 (M.D. Tenn.) and *Diego Pavia v. National Collegiate Athletic Association*, No. 3:24-cv-01336 (M.D. Tenn.).

[2] To the extent that this motion may fall within the scope of Local Civil Rule 7.02, undersigned counsel hereby certifies in good faith that conferral would serve no useful purpose.

1. On August 11, 2026, Plaintiffs served USC with a subpoena (the "**Subpoena**") giving USC nineteen business days to identify, retrieve, and analyze hundreds of thousands (if not millions) of documents and communications over a ten-year timeframe concerning the recruitment, financial aid, scholarships, and competitive eligibility of hundreds (if not thousands) of current and former recruits and student-athletes—all for a case in another jurisdiction to which USC is not a party.

2. Plaintiffs issued the Subpoena in connection with *Patterson*, a case challenging the NCAA rules authorizing student-athletes to play only four seasons within a five-year window as an illegal trade restraint under the federal Sherman Act.

3. Rule 45 of the Federal Rules of Civil Procedure govern subpoenas in civil actions and impose significant protective limitations on discovery from nonparties to a case. *See* Fed. R. Civ. P. 45(d)(1).

4. The district court where compliance with a subpoena is required is obligated, upon timely motion, to quash or modify a subpoena that requires disclosure of protected matter, subjects a person to undue burden, or fails to allow a reasonable time to comply. *See* Fed. R. Civ. P. 45(d)(3)(A)(i), (iii), (iv).

5. Additionally, the district court where compliance with a subpoena is required may quash or modify a subpoena that requires disclosure of confidential commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

6. Further, the district court where compliance with a subpoena is required is obligated to impose an appropriate sanction (which may include attorney's fees) when the party responsible for the subpoena has not taken reasonable steps to avoid imposing undue burden on the subpoena's addressee. *See* Fed. R. Civ. P. 45(d)(1).

7. This Court should quash the Subpoena for multiple, independent reasons:

a. It seeks USC student-athletes' education records protected from disclosure by the federal Family Educational Rights and Privacy Act (*see* 20 U.S.C. § 1232g);

b. it seeks USC student-athletes' health information protected form disclosure by the federal Health Insurance Portability and Accountability Act (*see* 42 U.S.C. §§ 1320d-1 to -4; *see also* 45 C.F.R. § 164.500 *et seq.*);

c. it seeks materials protected by the attorney-client and related privileges as well as confidential commercial information (including USC's strategies for recruitment and retention of student athletes, its finances of athletic programs and scholarship and aid packages for its student-athletes, or its management strategies for its athletic programs), disclosure of which to USC's competitor universities and colleges or to anyone else would harm or risk harming USC, both competitively and financially, and would cause USC injury to its competitive edge in recruiting and retention practices, reducing its intercollegiate competitiveness and thereby stripping USC of revenues generated from highly competitive athletics programs (Fed. R. Civ. P. 45(d)(3)(B)(i));

d. it subjects USC to an undue burden: namely, the Subpoena seeks hundreds of thousands (if not millions) of records over a ten-year period—including FERPA-restricted education records containing information about student-athletes' scholarship statuses, scholarship amounts, the duration of their financial aid, modifications to their scholarships, their transfers, their departures, their reasons for departure, their competitive eligibility status and determinations thereabout, their compensation, their recruitment, their interactions with coaches, their interactions with educators, and their interactions with other university personnel; HIPAA-restricted records containing information about student-athletes' medical clearances for eligibility, medical reasons for transfer or departure, medical reasons for roster designations, and the like; and confidential commercial information reflecting USC's internal interpretations and implementation of NCAA rules, internal commentary and strategic reflection on such rules, internal policies and practices for recruitment strategies, internal analyses and projections of scholarships, revenue sharing, and other financial figures, and internal guidance and communications to coaches and other athletics personnel concerning the implementation of NCAA rules (Fed. R. Civ. P. 45(d)(3)(A)(iv)); and

e. it fails to allow USC a reasonable time for compliance, especially given scope and size of materials sought and the notification requirements therefor under FERPA (Fed. R. Civ. P. 45(d)(3)(A)(i)).

8. This Court also should sanction Plaintiffs for violation of Rule 45(d)(1) of the Federal Rules of Civil Procedure by awarding USC's reasonable attorney's fees incurred in this matter.

a. Despite Plaintiffs' fundamental obligation not to overburden USC as a nonparty to the *Patterson* action, the Subpoena imposes substantial undue burden and expense on USC.

b. Plaintiffs crafted a patently overbroad subpoena to a non-party public entity seeking hundreds of thousands (if not millions) of documents. Plaintiffs ignored the FERPA and HIPAA protections (and the intensive notice requirements related thereto) restricting the vast majority of those records. Plaintiffs also ignored the highly sensitive and confidential commercial nature of the other materials sought in the Subpoena.

c. Furthermore, Plaintiffs imposed a sweeping timespan of ten years—yet gave USC only nineteen business days to identify all potentially relevant materials sought in the Subpoena; locate all such potentially relevant materials; retrieve all such potentially relevant materials; review all such potentially relevant materials; analyze the subset of potentially relevant materials that are responsive to the Subpoena; analyze the potential protections and limitations governing all materials responsive to the Subpoena; comply with all pre-production requirements and internal procedures governing production of all materials responsive to the Subpoena (including withholding, redacting, and obtaining approvals for production of such materials); identify, locate contact information for, and then communicate with all affected students and/or their parents; and ultimately produce all materials responsive to the Subpoena not privileged or otherwise protected.

d. Straightforwardly, Plaintiffs ignored their obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

9. In support of this motion, USC submits true and correct copies of the following documents:

a. the Subpoena served upon USC on August 11, 2026, attached as **Exhibit A**;

b. the operative complaint in the *Patterson* action, attached as **Exhibit B**; and

c. the Declaration of Erin Abbey, USC's Executive Associate Athletics Director for Compliance, Risk, and Regulatory Affairs, attached as **<u>Exhibit C</u>**.

10. For the reasons detailed above, and as fully set forth in the supportive memorandum submitted herewith, USC respectfully requests that the Court quash Plaintiffs' Subpoena and award USC its attorney's fees incurred in connection with the Subpoena, to be submitted for the Court's review at an appropriate time.

September 8, 2026
Columbia, South Carolina

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Axton D. Crolley*________
A. Mattison Bogan (DSC ID 9826)
Axton D. Crolley (DSC ID 13454)
1320 Main Street
17th Floor, Meridian Building
Columbia, South Carolina 29201
matt.bogan@nelsonmullins.com
axton.crolley@nelsonmullins.com
(803)-255-9433

***Attorneys for University of South Carolina***